**FOUSE, Exr v SOCIE**

Ohio Appeals, 9th Dist, Summit Co

No 2057. Decided June 7, 1932

Holloway & Chamberlin, Akron, for plaintiff in error.

Niles A. Sponseller, Canton, and Slabaugh, Seiberling, Huber & Guinther, Akron, for defendant in error.

**PARDEE, PJ.**

We have read the entire bill of exceptions, and find that the jury was justified in awarding plaintiff the sum it did for the services she rendered to said decedent, as claimed in her petition.

The charge of the court as to the burden of proof upon the issues made by the pleadings and the evidence, is omitted from the bill of exceptions. We are therefore required to indulge the presumption that the court properly charged the jury.

The evidence shows that a certificate of deposit for $800 payable to said decedent, and endorsed by her and also by said plaintiff was paid by the bank which issued the certificate, and that the $300 came out of the proceeds of the same.

As has been said, Mrs. Socie admitted that the $300 which she received was to apply upon said indebtedness; and as to the balance of the $800, there was no evidence whatever that the same was received by her in payment upon said indebtedness unless the circumstances were such as to raise a rebuttable presumption that it was received as a payment.

Do the facts raise any such presumption?

There was testimony showing that for many years Mrs. Holibaugh had relied upon Mrs. Socie for help in times of trouble, and that she was not satisfied with having anyone else; and that Mrs. Socie always responded to every call for help from Mrs. Holibaugh. There is no evidence that Mrs. Holibaugh ever paid or gave Mrs. Socie anything except this one time, and it does not appear that the relation between them was of a business character but was more in the nature of a family relationship—more like a mother and daughter, and therefore the facts were not such as to raise a presumption that what Mrs. Socie received was received in payment of a debt, and it was for the jury to determine, under all the probabilities, whether it was a payment or a gratuity.

Swain v Ettling, 32 Pa. St. 486.

The burden of proof during the trial was upon the estate to prove payment, and the fact that said plaintiff admitted in her reply that she received the sum of $800, part of which was a payment on account and part of which was a gift, did not cast the burden of proof upon said plaintiff to prove that said $500 was a gift, but left the said burden upon the estate, as it was before, to prove payment; and the jury having found upon the evidence, that $500 was not a payment received by said plaintiff to apply upon her account against said estate, we are unable to say, from all the evidence, that the jury was manifestly wrong in so finding.

Not finding any errors in the record, the judgment of the trial court is affirmed.

WASHBURN and FUNK, JJ, concur.